■ In the Matter of TIER PROPERTIES COMPANY, INC., Appellant, v. LEROY KITCHIN et al., Constituting the Zoning Board of Appeals of the Village of Endicott, Respondents.— Appeal from a judgment of the Supreme Court, entered in Broome County, which dismissed an application in a proceeding brought pursuant to CPLR article 78 to annul a determination denying a request for a variance and alternatively seeking a judgment that a variance is not necessary. Appellant, the owner of property in the Village of Endicott, replaced a canvas awning projecting toward the front property line with a mansard roof, constructed of wood and of approximately the same dimensions. During this construction appellant's president was advised that a variance was necessary to the front yard set back requirement applicable to the property under the village zoning ordinance. Appellant applied, its request for a variance was denied by the respondents, and the instant proceeding ensued. The trial court upheld the respondents' decision concluding that the "Petitioner's action in replacing the canvas awning with a wooden structure was more than simply the continuation of a non-conforming use as authorized by the Endicott Zoning Ordinance", that the construction clearly constituted a violation of the zoning ordinance and thus required a variance, and finally that appellant could not here justify a claim of hardship or practical difficulty because "the difficulty entailed in removing the roof was self created". We find no basis to disturb the well-reasoned opinion of the trial court upholding the respondents' decision and accordingly its judgment must be affirmed. *Matter of Carrow Care Corp.* v. *Holmes* (36 A D 2d 571), relied on by appellant, is not factually apposite to the present case (cf. *Matter of Sherman* v. *Gustafson,* 28 A D 2d 1082, affd. 22 N Y 2d 793). Judgment affirmed, with costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.